IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RICHARD F. JACKSON
by and through his attorney in fact,                                                   PLAINTIFF
ALVA J. JACKSON

v.                              3:10CV00276-WRW

JOHN M. SELIG
in his official capacity as Director of Arkansas                                       DEFENDANT
Department of Human Services

## ORDER

Pending is Defendant's Motion to Dismiss (Doc No. 3). Plaintiff has responded.[1] For the following reasons the Motion to Dismiss is DENIED.

I.     BACKGROUND[2]

Plaintiff Richard F. Jackson is a resident of a nursing facility in Wynne, Arkansas. On November 25, 2008, Plaintiff submitted an application for Long Term Care ("LTC") Medicaid benefits with the Arkansas Department of Health and Human Services ("ADHS"). On December 3, 2008, ADHS completed a LTC Spousal Resource Assessment that determined Plaintiff and his spouse had resources totaling $499,820.40. On the same day, ADHS completed a Resource Eligibility Worksheet that determined Plaintiff had $395,420.40 in available resources. On December 4, 2008, ADHS denied Plaintiff's LTC application based on his resources exceeding the $2,000 limit. On February 19, 2009, Plaintiff purchased an annuity for $248,949.09 payable to his wife, and an annuity for $53,400.95 payable to himself in monthly amounts of $1,485.42. Both annuities purported to be in compliance with Medicaid eligibility laws, and named the State

---

[1]Doc. No. 5.

[2]Information in the background section is from Doc. No. 1.

of Arkansas as the first contingent beneficiary. On March 26, 2010, Plaintiff filed again for LTC benefits. The application was denied on August 11, 2009, by ADHS which also charged Plaintiff with transferring $302,769.72 in resources. The ADHS charge made Plaintiff ineligible for Medicaid benefits for sixty-nine months. On August, 24, 2009, ADHS issued a Notice of Action denying the LTC application for transferring resources for less than fair market value.

Plaintiff filed this action on November 2, 2010, alleging that Defendant ADHS violated 42 U.S.C. § 1396(c)(1)(A), 42 U.S.C. § 1396(c)(2)(B)(I), 42 U.S.C. § 1396(d)(2)(A)(ii) & (B), 42 U.S.C. § 1396p(c)(1)(F)(I) and (ii), 42 U.S.C. § 1396p(c)(1)(G) and the federal policies and regulations pertaining to annuities, by determining that Plaintiff is ineligible to receive Medicaid because of his purchase of annuities. Relief for these violations is pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff alleges that Defendant violated the Supremacy Clause of the United States Constitution by determining Plaintiff was ineligible for Medicaid under Arkansas laws pertaining to annuities under MS Policy Directive 6-09. Plaintiff seeks a declaratory judgment that Defendant was in error for determining that Plaintiff was ineligible for Medicaid Benefits and that provisions of Arkansas law conflicting with federal law are preempted. Plaintiff also seeks a temporary restraining order, preliminary injunction and permanent injunction, ordering Defendant to cease denying Medicaid coverage to Plaintiff and order that Defendant issue Medicaid from the requested date of eligibility to the present. Finally, Plaintiff seeks other relief that may be proper and just including attorneys fees pursuant to 42 U.S.C. § 1988.

**II.    STANDARD**

In considering a motion to dismiss a complaint under Rule 12(b)(6), I must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most

favorable to the plaintiff.[3] A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief.[4] The motion should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle it to relief.[5] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will prevail on the merits, but rather tests whether the plaintiff has properly stated a claim upon which relief can be granted.[6]

### III.   DISCUSSION

When interpreting a statute the first step is to determine if the contested language has a "plain and unambiguous meaning with regard to the particular dispute in the case."[7] When the meaning is clear there is no need to look further.[8] "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."[9] In *Weatherbee ex rel. Vecchio v. Richman*, the court found the relevant provisions of the Medicaid Act were unambiguous.[10] In that case the Pennsylvania Department of Public Welfare determined that an

---

[3]*Schmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir. 1999).

[4] *Id.*

[5]See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir.1994).

[6]See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

[7]*Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

[8]*Id.*

[9]*Marshak v. Treadwell*, 240 F.3d 184, 192 (3d Cir.2001).

[10]595 F. Supp. 2d 607, 616-17 (W.D. Pa. 2009).

annuity payable to the community spouse was an available resource, which is the same determination made by the ADHS in this case.[11] The court concluded that this determination was not proper, because federal law unambiguously allowed for qualifying annuities. "[I]f Congress had intended to 'ring the death knell' for otherwise compliant annuities, it would have said so. It did not."[12]

Defendants assert that 42 U.S.C. § 1396r-5 supercedes the provisions of the Medicaid Act that Plaintiff claims were violated. Courts are split on whether § 1396r-5 supercedes the annuity exception, making annuities payable to community spouses countable as resources for determining Medicaid eligibility. Defendants rely primarily on *Morris, et al. v. Oklahoma Department of Human Services*[13] to support their argument that § 1396r-5 prohibits a community spouse from purchasing an annuity above the Community Spouse Resource Allocation. In *Morris*, the court found that § 1396r-5 provides for how a spouse's share of total resources are calculated, and that the annuity exception in § 1396p© would allow applicants to recharacterize assets that should be counted as resources for determining eligibility.[14] *Weatherbee* also examined the issue of whether § 1396r-5 supercedes other provisions of the Medicaid act, and found that § 1396r-5 could not be interpreted to nullify the provisions allowing for the purchase of qualifying annuities.[15] The court stated:

> Indeed, 42 U.S.C. § 1396r-5(a)(1) provides that, "[i]n determining the eligibility for medical assistance of an institutionalized spouse . . . , the provisions of this section

---

[11]*Id*. at 609.

[12]*Id*. at 617.

[13]No. CIV-09-1357-C, 2010 WL 3790596 (W.D. Okla, Sept. 24, 2010)

[14]*Morris*, 2010 WL 3790596 at *3.

[15]*Weatherbee*, 595 F.Supp. 2d at 616-17.

4

   supersede any other provision of this subchapter . . . which is inconsistent with them." In my view, 42 U.S.C. § 1396p(e)(4) simply makes clear that which would otherwise be implied. Namely, that disclosing the purchase of an annuity and naming the state as a remainder beneficiary will not, in and of itself, prevent a state from denying eligibility for income or resources derived from an annuity.[16]

The obvious reason for applying *Morris* instead of *Weatherbee* is to effectuate the broad policy purpose of the Medicaid program – to provide health care for the indigent. However, the Medicaid Act was amended by the Medicare Catastrophic Coverage Act of 1988[17] ("MCAA") and the Deficit Reduction Act of 2005[18] ("DRA"). Plaintiff notes that the MCAA was intended to correct the problem of community spouses not having enough resources to provide for their needs. Thus Congress has also expressed a public policy in favor of protecting community spouses.

  The DRA changed the way the Medicaid Act treats annuities, by allowing for annuities to not be treated as a transfer of resources if it meets certain criteria. To qualify for the exception provided for in the DRA, an annuity must name the state as the remainder beneficiary, be purchased with qualified funds, and it must be irrevocable, non-assignable, and actuarially sound.[19] As Plaintiff notes, Congress could have prohibited using annuities for Medicaid planning, but they did not. Defendant may believe that the resource limits to Medicaid eligibility would be toothless if transfers to annuities are allowed, but this ignores the fact that Congress did allow for qualifying annuities in the DRA. I also do not think that § 1396r-5 is inconsistent

---

[16]*Id.*

[17]Medicare Catastrophic Coverage Act of 1988, Pub. L. N. 100-360 (codified as amended in scattered sections of 42 U.S.C.).

[18]Deficit Reduction Act of 2005, Pub. L. N. 109-171 (codified as amended in scattered sections of 42 U.S.C.).

[19]42 U.S.C. § 1396p(c)(1)(F) and (G).

with 42 U.S.C. § 1396p(c)(1)(F) and (G). Section 1396r-5(b)(1) states "no income of the community spouse shall be deemed available to the institutionalized spouse." It also provides that "if payment of income is made solely in the name of the institutionalized spouse or the community spouse, the income [will] be considered available only to that respective spouse."[20] When interpreted holistically with other provisions of the Medicaid Act such as §1396p(c)(1)(F) and (G), it seems to me that a qualifying annuity, solely for the benefit of the community spouse, will be a considered available only to that spouse, not to the applicant, and that it would be improper for the state agency to count the income of the community spouse to determine Medicaid eligibility. For these reasons I find that Plaintiff has alleged sufficient facts to state a claim for relief, and I will not dismiss the case.

Defendant also asserts that Plaintiff's claim is defective because § 1396p(c)(1)(G) requires that a qualified annuity must be purchased "by or on behalf of an annuitant who has applied for medical assistance."[21] However, the institutionalized spouse who applies for Medicaid benefits must comply with both § 1396p(c)(1)(F) and (G). The community spouse must meet the requirements of only §1396p(c)(1)(F), which does not require that the annuity be purchased by or on behalf of the applicant. Thus Defendant's contention on this issue is erroneous and is not a basis for dismissal.

---

[20] 42 U.S.C. § 1396r-5(b)(2)(A)(I).

[21] 42 U.S.C. §1396p(c)(1)(G).

## CONCLUSION

For the reasons discussed above Defendant's Motion to Dismiss (Doc. No. 3) is DENIED.

IT IS SO ORDERED this 22nd day of December, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE