IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RICHARD F. JACKSON
by and through his attorney in fact,                                                    PLAINTIFF
ALVA J. JACKSON

v.                                              3:10CV00276-BRW

JOHN M. SELIG
in his official capacity as Director of Arkansas                                        DEFENDANT
Department of Human Services

## AMENDED ORDER

The Order (Doc. No. 18) entered February 18, 2011, is hereby amended. A telephone conference was held on February 17, 2011, concerning Plaintiff's motion for interim relief and Defendant's objections to interim relief for lack of jurisdiction and motion to abstain.[1] For the following reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 9) is GRANTED and Defendant's Motion to Dismiss Plaintiff's Motion for Injunctive Relief for Lack of Jurisdiction (Doc. No. 12) is DENIED.

I.  BACKGROUND

On March 26, 2009, Plaintiff filed for Long Term Care ("LTC") Medicaid benefits.[2] On August 24, 2009, the Arkansas Department of Health and Human Services ("ADHHS") denied Plaintiff's application, and accessed a lengthy penalty of ineligibility after determining that $302,250.04 was transferred or diverted by Plaintiff to purchase two annuities.[3] On April 28,

---

[1] Docs. No. 8, 12.

[2] Doc. No. 12-1.

[3] "The Agency accessed transfer of assets penalty of 69 months and 20 days. 'Alternatively,' the Agency assessed penalty for diversion of income. The Agency determined the diversion of income penalty to be 146 months for the Annuity #1, and 31 months for the Annuity #2." *Id.*

1

2010, an administrative law judge issued a final order on Plaintiff's appeal of the agency's decision, finding Plaintiff was the owner of the annuities and thus owned the income stream, despite that Plaintiff's spouse was the payee of the larger of the two annuities.[4] The administrative law judge, noted that Plaintiff paid taxes on the annuities, and that this was an indicia of his ownership.[5] Plaintiff appealed the administrative law judge's determination on his benefit eligibility to Cross County Circuit Court.[6]

Plaintiff filed this action on November 2, 2010, alleging that Defendant ADHHS violated and is violating 42 U.S.C. § 1396(c)(1)(A), 42 U.S.C. § 1396(c)(2)(B)(I), 42 U.S.C. § 1396(d)(2)(A)(ii) & (B), 42 U.S.C. § 1396p(c)(1)(F)(i) and (ii), 42 U.S.C. § 1396p(c)(1)(G) and the federal policies and regulations pertaining to annuities, by determining that Plaintiff is ineligible to receive Medicaid because of his purchase of annuities. On January 13, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary injunction.[7] Defendant responded on January 21, 2011, with a Motion to Dismiss Motion for Preliminary Injunction,[8] arguing that the court should abstain from exercising its jurisdiction under the *Younger* abstention doctrine, or that sovereign immunity under the Eleventh Amendment barred Plaintiff's suit. At a telephone conference on February 17, 2011, I orally GRANTED Plaintiff's

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]Doc. No. 9.

[8]Doc. No. 12.

motion for interim relief and declined to abstain from exercising jurisdiction as suggested by Defendant's motion.[9]

II.     DISCUSSION

Plaintiff requests interim relief to enjoin ADHHS from denying his Medicaid benefits during the pendency of this case. Defendant argues that I should abstain from exercising jurisdiction based on the *Younger* abstention doctrine, or that the Eleventh Amendment bars Plaintiff's suit.

    A.     Interim Relief

The factors in assessing whether or not to grant interim relief in the form of a temporary restraining order or preliminary injunction are "(1) the likelihood of success on the merits; (2) the presence or risk of irreparable harm; (3) the balancing of the harms of granting or denying an injunction; and (4) the public's interest."[10]

    1. Likelihood of success on the merits

The main issue presented by this case appears to be whether otherwise qualifying annuities can be counted as available resources for determining the income eligibility of an applicant for Medicaid when the applicant is considered the owner of the annuity, but the payee of the annuity is the community spouse. The Eighth Circuit has not determined this issue, and there is some conflicting case law.[11] However, a number of courts have found against states that

---

[9]Doc. No. 19.

[10]*CDI Energy Services, Inc. v. West River Pumps, Inc.*, 567 F.3d 398, 401-2 (8th Cir. 2009).

[11]See *James v. Richman*, 547 F.3d 214 (3rd Cir. 2008) (finding that qualifying annuity is not countable resource), but see *Morris, et al. v. Oklahoma Department of Human Services*, No. CIV-09-1357-C, 2010 WL 3790596 (W.D. Okla, Sept. 24, 2010) (finding that an annuity purchased to meet the income eligibility requirements was a countable resource..

deny benefits based on the purchase of compliant annuities.[12] If Plaintiff's annuity qualifies under federal law, then the ADHHS would be preempted from denying Plaintiff's LTC benefits. Thus I find that Plaintiff is likely to succeed on the merits in this case.

    2. Irreparable harm

Plaintiff must pay nearly $4,000 every month for his nursing home care.[13] The Eleventh Amendment bars retroactive monetary damages in suits against states.[14] Plaintiff would not be able to recover the retroactive costs of his care incurred during the pendency of this case. Thus without interim relief, Plaintiff faces non-compensable monetary damages. Other courts have found that non-compensable monetary damages are irreparable harm.[15] Defendant has not persuaded me that these damages are not irreparable harm. Given the mounting costs of Plaintiff's nursing home care, a preliminary injunction directing that he receive benefits during the pendency of this case is proper to avoid irreparable harm.

    3. Balancing of harms

The balance of harm associated with granting or denying the requested relief also seems to favor the Plaintiff. If the preliminary injunction is granted and the ADHHS is later successful,

---

[12]*Weatherbee ex rel. Vecchio v. Richman*, 595 F.Supp. 2d 607, 616-17 (W.D. Pa. 2009), *Lopes v. Starkowski*, No. 3:10-CV-307, 2010 WL 3210793 (D. Conn. August 12, 2010), *Mertz v. Houston*, 155 F.Supp.2d 415 (E.D. Pa. 2001), *Vieth v. Ohio Dept. of Job & Family Servs.*, No. 08AP-635, 2009 WL 2331870 (Ohio App. 10 Dist. July 30, 2009), *J.P. et al. v. Missouri State Family Support Division and its Director, Janel Luck,* 318 S.W.3d 140 (Mo. Ct. App. 2010).

[13]Doc. No. 10.

[14]*Edelman v. Jordan*, 415 U.S. 651 (1974).

[15]*Consumer Data Industry Ass'n v. Swanson*, 2007 WL 2219389 (D.Minn. 2007) (granting preliminary injunction based on non-compensable monetary damages); *James v. Richman*, 2006 WL 1169703 (M.D.Pa. 2006) (granting injunction for non-compensable monetary damages caused by denial of LTC benefits by state agency administering Medicaid program).

then the agency could recoup any benefits paid to Plaintiff. Thus ADHHS faces little if any harm by a grant of the preliminary injunction.

  4. Public interest

  The state has an important interest in administering the Medicaid program in a way that provides those who meet the eligibility requirements with benefits. However, Defendant has not shown that granting a preliminary injunction would threaten the administration of the program. Because of this I find that the public interest would not be harmed by granting the preliminary injunction.

  B. Abstention

  Defendant requests that this court abstain from exercising jurisdiction based on the *Younger* abstention doctrine,[16] because Plaintiff filed a separate suit in Cross County Circuit Court to appeal the administrative decision denying his LTC Medicaid benefits.[17] There are three factors to be analyzed in determining whether to invoke the Younger abstention doctrine: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges.[18] Plaintiff is correct that the first part of the *Younger* analysis requires a two-pronged inquiry: "whether there is an ongoing state proceeding,"[19] and "whether that proceeding is the type of state proceeding that is

---

[16]*Younger v. Harris*, 401 U.S. 37 (1971).

[17]Doc. No. 12-1.

[18]*Night Clubs, Inc. V. City of Fort Smith, Ark.* 163 F.3d 475, 479 (8th Cir. 1998) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

[19]*Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989)).

due deference accorded by *Younger* abstention."[20] In *Brown* the court found that it should not abstain under *Younger* from reviewing a state agency's decision to terminate Medicaid benefits when the state proceeding was remedial as opposed to coercive.[21] Plaintiff's suit in Cross County is remedial, because Plaintiff brought the state suit against ADHHS. Thus I do not think that the state proceeding should be afforded *Younger* deference, and I will not abstain.

Defendant alluded to abstention under the *Colorado River*[22] doctrine which permits courts to decline jurisdiction when there are parallel proceedings in state court. Abstention under *Colorado River* is determined based on a number of factors, and it might be possible to fit this case under its umbrella, but I see no reason to do so.

    C.    Sovereign Immunity

The Eleventh Amendment generally bars suits against states and their officers by individuals.[23] However, it is well established that the Eleventh Amendment only bars retroactive damages, not damages for prospective relief or for ongoing violations.[24] I find that Plaintiff has sufficiently stated that the relief sought is prospective and that he is claiming an ongoing violation of his rights.

---

[20]*Id.*

[21]*Id.*

[22]*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

[23]*Edelman*, 415 U.S. at 663.

[24]*Id.*

## CONCLUSION

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 9) is GRANTED. Thus, Defendant, in his official capacity as the Director of the Arkansas Department of Human Services, is PRELIMINARILY ENJOINED from (1) considering the income stream payable to Ms. Alva Jackson, from two federally compliant annuities, in determining Plaintiff's Medicaid eligibility, and (2) from denying Medicaid coverage to Plaintiff. This injunction, in accordance with 42 U.S.C. § 1396(a)(34), shall be effective as of the first day of the third month before the month of this order and will remain in force until this case has been fully and finally adjudicated on the merits.

2. Defendant's Motion to Dismiss Plaintiff's Motion for Injunctive Relief for Lack of Jurisdiction (Doc. No. 12) is DENIED.

IT IS SO ORDERED this 28th day of February, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE