IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RICHARD F. JACKSON**                                                                                    **PLAINTIFF**

VS.                                         3:10-CV-00276-BRW

**JOHN M. SELIG, in his Offical Capacity**                                                      **DEFENDANT**
**as Director of Arkansas Department of**
**Human Services**

## ORDER

Pending is Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 50). Defendant has responded, and Plaintiff has replied.[1] For the following reasons, the Motion it GRANTED.

**I.     BACKGROUND**

Plaintiff Richard Jackson sued the Director of the Arkansas Department of Human Services ("ADHS") under 42 U.S.C. § 1983 claiming that it violated provisions of the Medicaid Act when it determined he was ineligible to receive Medicaid benefits because of his purchase of two annuities.[2] Plaintiff later filed a Motion for Temporary Restraining Order and Preliminary Injunction.[3] ADHS responded with a Motion to Dismiss, arguing that I should abstain from exercising jurisdiction under the *Younger*[4] abstention doctrine.[5] I denied ADHS's Motion, and preliminarily enjoined ADHS from (1) considering the income streams payable to Ms. Jackson, from the federally-compliant annuities, in determining Mr. Jackson's Medicaid eligibility, and (2)

---

[1] Doc. Nos. 54, 55.

[2] Doc. No. 1.

[3] Doc. No. 9.

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

[5] Doc. No. 12.

1

from denying Mediciad coverage to Mr. Jackson.[6]  I further ordered that the injunction remain in effect until this case had been fully and finally adjudicated on the merits.

ADHS appealed the Order to the Eighth Circuit Court of Appeals.[7]  Richard Jackson passed away while the appeal was pending, and the appeal was dismissed as moot.[8]  Ms. Jackson was substituted as Plaintiff.[9]

Both parties sought summary judgment.[10]  Plaintiff requested a declaratory judgment holding that Plaintiff's purchase of the annuities complied with federal law, and that ADHS erred in penalizing Plaintiff for purchasing the annuities and denying him Medicaid benefits.[11]  ADHS requested summary judgment in its favor, arguing that it properly denied Plaintiff's application for Medicaid benefits because of his income from the annuities.[12]  ADHS also requested that Plaintiff repay ADHS $39,350.31 -- the sum it paid to Plaintiff in Medicaid benefits under the preliminary injunction.

I denied ADHS's Motion and granted Plaintiff's Motion.[13]  I found that ADHS erred by penalizing Plaintiff for purchasing the annuities, and that, because the annuities complied with federal law, ADHS erred by considering the annuities or their payments as income or resources available to Mr. Jackson in  determining his eligibility for Medicaid benefits.  As a result, ADHS

---

[6]Doc. No. 20.

[7]Doc. No. 21.

[8]Doc. Nos. 28, 29.

[9]Doc. No. 32.

[10]Doc. Nos. 37, 40.

[11]Doc. No. 38.

[12]Doc. No. 40.

[13]Doc. No. 49.

was permanently enjoined from assessing a penalty against Plaintiff and from recouping the $39,350.31 in Medicaid benefits it paid to Plaintiff.

## II.  DISCUSSION

Plaintiff seeks attorney's fees and costs under 42 U.S.C. § 1988.  "[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in any action or proceeding to enforce a provision of 42 U.S.C. § 1983.[14]

ADHS does not dispute that Plaintiff is the prevailing party;[15] thus, he is entitled to an award of reasonable attorney's fees and costs under § 1988(b).

"The starting pointing in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."[16]  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."[17]

Here, Plaintiff requests an award of $29,968.75, which, according to Plaintiff's lawyer, is the sum of 169.25 hours expended representing Plaintiff, multiplied by an hourly fee of $175, plus $350 for costs incurred for filing fees.[18]

ADHS does not object to an award of reasonable attorney's fees for legal services provided through May 31, 2012.  It does object, however, to an award of fees for services rendered after May 31, 2012 (the date Mr. Jackson's last bill from the nursing home was paid).[19]  According to

---

[14]42 U.S.C. § 1988(b).

[15]Doc. No. 54.

[16]*Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)).

[17]*Id.* at 825.

[18]Doc. No. 51.

[19]Doc. No. 54.

ADHS, because it complied with the preliminary injunction by reimbursing Mr. Jackson's healthcare providers for the care provided to Mr. Jackson from November 1, 2010 (the date Mr. Jackson was approved for Medicaid benefits) through December 17, 2011 (the date of Mr. Jackson's death), Plaintiff obtained complete relief during the pendency of the preliminary injunction and the services provided after March 31, 2012 were unnecessary.

I disagree with ADHS's limiting request. After March 31, ADHS, in its Motion for Summary Judgment, sought to recoup the funds it paid on behalf of Mr. Jackson under the preliminary injunction.[20] If ADHS had prevailed, any relief Plaintiff was afforded by the preliminary injunction would have been short lived. Thus, the fees and costs Plaintiff incurred after March 31 were necessary for Plaintiff to obtain complete relief, which it did when I granted its Motion for Summary Judgment.

## CONCLUSION

I find that Plaintiff is entitled to an award of reasonable attorney's fees and costs for the services Plaintiff's lawyer provided throughout this case. I further find that the hourly rate charged by Plaintiff's lawyer and the time spent representing Plaintiff is reasonable. Accordingly, Plaintiff's Motion is GRANTED. Plaintiff is awarded attorney's fees and costs in the sum of $29,968.75.

IT IS SO ORDERED this 9th day of May, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[20]Doc. Nos. 40, 41.